FILED
COURT OF APPEALS
DIVISION II

2015 APR 21 AM 9:05

STATE OF WASHINGTON

BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of | No. 45992-2-II |
| SHAWN BENJAMIN SHERROD, | |
| Petitioner. | UNPUBLISHED OPINION |

MAXA, J. — Shawn Sherrod seeks relief from personal restraint imposed after he pleaded guilty to first degree assault, first degree robbery, and unlawful imprisonment. Sherrod contends that his plea was involuntary and that he received ineffective assistance of counsel because the prosecutor and defense counsel misinformed him of the sentencing consequences if he went to trial.

We grant Sherrod's petition because he received incorrect information about the potential sentence range if he was convicted on all charges and because this misinformation caused actual and substantial prejudice because it affected his decision to plead guilty. Accordingly, we remand this matter so that Sherrod may withdraw his guilty plea.

FACTS

The State charged Sherrod with first degree assault, first degree robbery, unlawful imprisonment, and theft of a motor vehicle, with each charge including a 24-month deadly weapon enhancement. He also was charged with making a false statement to a public servant. In an e-mail to defense counsel, the prosecutor addressed these and other potential charges.

The prosecutor's e-mail stated that if Sherrod went to trial, the State would add a charge of first degree kidnapping with a deadly weapon sentence enhancement. Assuming that (1) Sherrod was convicted as charged, (2) the motor vehicle theft merged with the robbery, and (3) the unlawful imprisonment merged with the kidnapping, the prosecutor stated that Sherrod would face the following sentence ranges:

> [A] range of 240 to 318 plus 24-month [deadly weapon sentence enhancement (DWSE)] on the Assault 1, 129 to 171 plus 24-month DWSE on the Robbery 1, and 149 to 198 plus 24-month DWSE on the Kidnap 1. The Assault 1 and Kidnap 1 would run consecutive as both are serious violent offenses, for a total range of 389 to 516 months plus 72 months in DWSE.

State's Response, App. D.

The prosecutor explained further that if Sherrod agreed to plead guilty to first degree assault, first degree robbery, and unlawful imprisonment, the State would recommend a mid-range sentence of 279 months plus 54 months of deadly weapon enhancements. The prosecutor added that the total recommended sentence of 333 months following such a plea would be 128 months shorter than the lowest sentence possible if Sherrod were charged with and convicted of kidnapping. Sherrod pleaded guilty to the assault, robbery, and unlawful imprisonment charges and received a sentence of 333 months.

No. 45992-2-II

Sherrod subsequently filed this timely personal restraint petition seeking to withdraw his plea. He submitted the prosecutor's e-mail and argued that he was misinformed of the potential sentencing consequences if he rejected the plea offer and decided to go to trial. After the State conceded that the information in its e-mail was incorrect, we ordered a reference hearing to determine whether defense counsel communicated the incorrect information to Sherrod and whether that misinformation affected his decision to plead guilty.

Following the reference hearing, the trial court found that the State had conveyed the incorrect sentence range information to defense counsel and that defense counsel had conveyed this misinformation to Sherrod. The trial court also found that Sherrod relied on this incorrect advice of counsel in deciding to plead guilty.

ANALYSIS

To be entitled to relief, a petitioner must show either constitutional error that resulted in actual and substantial prejudice or nonconstitutional error that resulted in a complete miscarriage of justice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). Sherrod's claims implicate constitutional error. Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent, and a defendant has a Sixth Amendment right to effective assistance of counsel in deciding whether to plead guilty. *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390 (2004); *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984); *see* U.S. CONST., amend. VI.

3

A.    STATE'S CONVEYANCE OF INCORRECT SENTENCING INFORMATION

Sherrod argues and the State concedes that the State conveyed incorrect information regarding sentence ranges.  We agree.

The Sentencing Reform Act of 1981, ch. 9.94A RCW, defines first degree assault and first degree kidnapping as serious violent offenses.  RCW 9.94A.030(45).  When a defendant is sentenced for two serious violent offenses, the standard range for the offense with the highest seriousness level is calculated by including his prior convictions and other current convictions that are not serious violent offenses in the offender score.  RCW 9.94A.589(1)(b).  The standard range for the other serious violent offense is calculated by using an offender score of zero.  RCW 9.94A.589(1)(b).  The sentences for the two serious violent offenses then run consecutively to each other and concurrently with any other sentence imposed.  RCW 9.94A.589(1)(b).

Sherrod's assault charge had a higher seriousness level than the potential kidnapping charge.  RCW 9.94A.515.  With an offender score that included his prior and other current offenses, an assault conviction had a sentence range of 240 to 318 months.  Former RCW 9.94A.510 (2002).  A kidnapping conviction, with an offender score of zero, had a standard range of 51 to 68 months.  Former RCW 9.94A.510 (2002); RCW 9.94A.515.

Consequently, the total sentence range if Sherrod was convicted on all charges would have been 291 to 396 months plus 72 months for the sentencing enhancements.  However, the prosecutor's e-mail stated that the sentence range was 389 to 516 months plus 72 months for the sentencing enhancements.  In other words, the prosecutor overstated Sherrod's sentence range by

98 months on the low end and 120 months on the high end. The prosecutor also told Sherrod that the recommended sentence would be 128 months shorter than the lowest sentence possible if convicted on all charges, when in fact the recommended sentence was only 30 months shorter than the lowest possible sentence.

Accordingly, we find that the State provided incorrect information to Sherrod regarding his sentence ranges if he was convicted on all charges.

## B.    INVOLUNTARY GUILTY PLEA

A guilty plea is involuntary when it is based on misinformation of sentencing consequences. *Isadore*, 151 Wn.2d at 298; *In re Pers. Restraint of Murillo*, 134 Wn. App. 521, 530, 142 P.3d 615 (2006). Such misinformation entitles a petitioner to relief if it resulted in actual and substantial prejudice. *In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 603, 316 P.3d 1007 (2014).

Here, the trial court found that Sherrod's counsel communicated the prosecutor's erroneous sentence range information to Sherrod. Further, the trial court found that the advice of Sherrod's attorney based on this erroneous information affected Sherrod's decision to plead guilty. Based on these findings, we conclude that Sherrod's decision to plead guilty was not knowing and voluntary. Further, because the incorrect information influenced Sherrod's decision to plead guilty, he has met his burden of showing actual and substantial prejudice.[1]

---

[1] Because we grant Sherrod's petition based on a finding that his guilty plea was involuntary, we need not address whether he received ineffective assistance of counsel.

5

No. 45992-2-II

We grant Sherrod's personal restraint petition and remand this matter so that Sherrod may withdraw his guilty plea.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

 

MAXA, J.

 

We concur:

WORSWICK, P.J.

MELNICK, J.

6